John E. McDermott (SBN 066992)
Sandra Smith Thayer (SBN 200294)
HOWREY LLP
550 South Hope Street, Suite 1100
Los Angeles, California 90071
Telephone: (213) 892-1800
Facsimile: (213) 892-2300
McDermottJ@howrey.com
ThayerS@howrey.com

Benjamin K. Riley (SBN 112007)
Brett C. Jackson (SBN 239901)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone: (415) 848-4000
Facsimile: (415) 848-4999
RileyB@howrey.com
JacksonBrett@howrey.com

Attorneys for Plaintiffs

JT,

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

PARALYZED VETERANS OF AMERICA; CALIFORNIA COUNCIL OF THE BLIND, INC.; AMERICAN ASSOCIATION OF PEOPLE WITH DISABILITIES; PAUL LONGMORE; IVANA KIROLA; RUSS BOHLKE; STEPHEN FORT; MANNY FERNANDEZ; and DAN KYSOR,

Plaintiffs,

vs.

BRUCE MCPHERSON, as Secretary of State for the State of California; JOHN ARNTZ as Director of Elections of San Francisco County; MICHAEL SMITH as Registrar of Voters of Marin County; JANICE ATKINSON as Assistant Registrar of Sonoma County; DAVE MCDONALD as Acting Registrar of Alameda County; and FREDDIE OAKLEY as County Clerk-Recorder of Yolo County,

Defendants.

C 06 4670

Case No.

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF FOR VIOLATIONS OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND HELP AMERICA VOTE ACT OF 2002, 42 U.S.C. §15301, *ET SEQ.* PURSUANT TO 42 U.S.C. §1983**

## JURISDICTION AND VENUE

1. This case, brought by voters with manual and visual disabilities, seeks to declare the State of California in violation of the equal protection provisions of the Fourteenth Amendment to the United States Constitution and the Help America Vote Act of 2002 ("HAVA"), 42 U.S.C. § 15301, *et seq.*, pursuant to 42 U.S.C. § 1983 ("Section 1983").

2. This case also challenges the use of the Election System & Software ("ES&S") AutoMARK Voter Assist Terminal ("AutoMARK") voting system by San Francisco County, Marin County and Sonoma County because voters with manual disabilities are unable to vote privately, independently and without assistance like all other voters, in violation of the equal protection provisions of the Fourteenth Amendment to the United States Constitution and HAVA, pursuant to Section 1983.

3. This case also challenges the use of a direct recording electronic ("DRE") voting system with a voter verified paper audit trail ("VVPAT") by Alameda County because voters with visual disabilities are unable to vote privately, independently and without assistance like all other voters, in violation of the equal protection provisions of the Fourteenth Amendment to the United States Constitution and HAVA, pursuant to Section 1983.

4. This case also challenges the use of a Hart optical scan voting system by Yolo County because both visually and manually disabled voters are unable to vote privately, independently and without assistance like all other voters, in violation of the equal protection provisions of the Fourteenth Amendment to the United States Constitution and HAVA, pursuant to Section 1983.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiffs' action for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202, and by Rules 57 and 65 of the Federal Rules of Civil Procedure.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because several of the defendants reside in this district and a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

## NATURE OF ACTION

7. HAVA was enacted in 2002. HAVA requires voting systems to be accessible for individuals with disabilities in a manner that provides the same opportunity for access and participation (including privacy and independence) as for other voters. 42 U.S.C § 15481(a)(3)(A). This requirement can be satisfied through the use of at least one accessible voting system at each polling place. *Id.* at § 15481(a)(3)(B).

8. HAVA defines a voting system as the total combination of equipment that is used to, among other things, cast and count votes. *Id.* at § 15481(b)(1)(B). An accessible voting system must allow voters with disabilities, including those with visual and physical disabilities, to cast and have their vote counted in a private and independent manner. States and counties are required to comply with the requirements of HAVA on and after January 1, 2006. *Id.* at § 15481(d).

9. The California Secretary of State has not certified *any* voting system that is accessible to all voters with manual and visual disabilities in the same manner as for other voters, as required by HAVA. The California Secretary of State has certified voting systems that are not accessible to all voters with manual and visual disabilities in the same manner as for other voters, without requiring combinations of voting systems that would be. In fact, the Secretary of State permitted counties statewide to conduct the June, 2006 elections in a manner that was not accessible to all voters in the same manner, even though voting systems or combinations of voting systems exist that would be.

10. The California Secretary of State certified the ES&S AutoMARK voting system for use in California on August 3, 2005. Despite certification, the AutoMARK

voting system is not fully accessible to some disabled voters with a variety of physical disabilities, including voters with limited manual dexterity. The Secretary of State did not condition certification of AutoMARK on use of another voting system that would be fully accessible to manually disabled voters.

11. Defendants San Francisco County, Marin County and Sonoma County used the ES&S AutoMARK voting system at its polling places in the June 6, 2006 election. Plaintiffs are informed and believe that defendants San Francisco County, Marin County and Sonoma County intend to use the AutoMARK system in future elections. Plaintiffs are further informed and believe that defendants San Francisco County, Marin County and Sonoma County did not have an accessible DRE or other voting machine at each of its polling places for manually impaired voters for the June 6, 2006 election, and do not intend to have an accessible DRE or other voting machine at each of its polling places for future elections. As a result, voters with limited manual dexterity who are unable to use the AutoMARK without third-party assistance were not able to, and will not be able to cast their votes privately, unassisted and independently. San Francisco County, Marin County and Sonoma County's failure to provide these manually impaired voters with an accessible DRE or other voting machine violated and will continue to violate HAVA pursuant to Section 1983.

12. Defendant Alameda County used a DRE voting system with an attached VVPAT device during early voting at the County Registrar of Voters office and at the offices of seven city clerks during the June 6, 2006 election. Plaintiffs are informed and believe that defendant Alameda County intends to use a DRE with attached VVPAT in future elections. The addition of the VVPAT device renders the DRE voting system—which otherwise would permit voters who are disabled to vote independently, unassisted and in private like all other voters—inaccessible to voters with visual disabilities in violation of HAVA when the paper ballot is used as the official vote during the mandatory 1% manual recount or a full recount.

13. Defendant Yolo County used Hart optical scan voting systems at each of its polling places during the June 6, 2006 election. Plaintiffs are informed and believe that defendant Yolo County intends to use optical scan voting systems in future elections. The use of the optical scan system does not permit visually or manually disabled voters to vote independently, unassisted and in private in violation of HAVA pursuant to Section 1983. Yolo County did nothing to comply with HAVA for the June 6, 2006 election. Neither did Humbolt, Lassen, Modoc, Placer, Siskiyou or Trinity Counties.

14. Plaintiffs seek a declaratory judgment that California and defendant Secretary of State are in violation of the Fourteenth Amendment and HAVA pursuant to Section 1983. Plaintiffs also seek an order requiring the Secretary of State to present to the Court within 60 days a plan and a timetable to bring California into compliance with HAVA as to all voters with manual and visual disabilities.

## PARTIES

15. Plaintiff Paralyzed Veterans of America ("PVA") is a congressionally chartered veterans service organization founded in 1946 and is based in Washington, D.C. PVA's mission is to be the leading advocate for, *inter alia,* civil rights and opportunities which maximize the independence of veterans of the armed forces who have experienced spinal cord injury or dysfunction. PVA currently has approximately 20,000 members nationwide and over 1,600 members in the State of California. Some of these members reside in, are registered to vote in, have voted in and intend to vote in San Francisco County, Marin County and Sonoma County. Because of their physical disabilities, PVA members only are able to vote secretly and unassisted with a DRE voting system. If San Francisco County, Marin County and Sonoma County are permitted to continue to use the AutoMARK, without also providing accessible DRE machines for each of its polling places, PVA members, like all other citizens in San Francisco County, Marin County and Sonoma County with physical disabilities, will continue to be relegated to using the inaccessible AutoMARK voting system. PVA's

members have been and will continue to be forced to reveal the contents of their votes to a third party when casting their votes with the AutoMARK in violation of their federally protected rights under HAVA and equal protection rights under the Fourteenth Amendment.

16. Plaintiff California Council of the Blind, Inc. ("CCB"), a nonprofit organization comprised primarily of blind and visually impaired Californians, was founded in 1934 and is based in Hayward, California. CCB's mission is to gain full independence and equality of opportunity for all blind and visually impaired Californians. CCB currently has approximately 1300 to 1500 members statewide. Some of these members reside in, are registered to vote in, and intend to vote in future elections to be conducted in Alameda County. These members wish to cast their ballots in future elections in their precincts independently, unassisted, and in secret, the same as all other voters in Alameda County who are not disabled, but will be unable to do so because of existing California law that requires DRE voting systems used in California to include a VVPAT. Non-sighted voters, such as CCB's members, do not have access to or the ability to review the information provided by the VVPAT device. Recent California legislation also provides that the paper trail produced by the VVPAT is to be the official ballot (1) for purposes of the 1% manual recount mandated by California election law and (2) if there is any difference between the paper trail and the electronic record during a 1% manual tally or full recount. Because HAVA requires both access and the ability of the voter to verify their vote on the ballot before it is cast and counted, defendant Alameda County's use of the DRE voting system with a VVPAT violates the CCB members' federally protected rights under HAVA and equal protection rights under the Fourteenth Amendment.

17. Plaintiff American Association of Persons with Disabilities ("AAPD") is the largest nonprofit cross-disability member organization in the United States, consisting of approximately 68,000 members nationwide and 6,000 members in California. AAPD was formed in 1994 and is based in Washington, D.C. The

organization is dedicated to promoting the economic self-sufficiency and political empowerment of the more than 56 million Americans with disabilities. AAPD members reside in, are registered to vote in and intend to vote in future elections in San Francisco, Marin, Sonoma, Alameda and Yolo counties. The AAPD members who reside and vote in the defendant counties will be unable to vote independently, unassisted and in secret in the same manner as non-disabled voters because the voting systems used in those counties—the AutoMARK used in San Francisco, Marin and Sonoma counties, the DRE voting system with an inaccessible VVPAT used in Alameda County, and the optical scan machine used in Yolo County—are inaccessible to disabled voters.

18. Individual plaintiffs are eligible voters with disabilities, as that term is used in HAVA, 42 U.S.C. § 15301, *et seq*.

19. Plaintiff Paul Longmore is an AAPD member who is manually impaired. As a result, plaintiff Longmore cannot manipulate a writing instrument with his hands. He is a resident of San Francisco County. He is registered to vote in San Francisco County and voted in San Francisco County in the June 6, 2006 election. He intends to vote in San Francisco County in future elections. Because of his manual impairment, plaintiff Longmore is unable to vote using an AutoMARK voting system without revealing his vote to a third party and is only able to vote privately, unassisted and independently with the use of a DRE voting system. Plaintiff Longmore wishes to vote privately, unassisted and independently but is unable to do so because there are no accessible voting machines in the County of San Francisco that would enable him to do so.

20. Plaintiff Ivana Kirola is an AAPD member who is manually impaired. As a result, plaintiff Kirola cannot manipulate a writing instrument with her hands. She is a resident of San Francisco County. She is registered to vote in San Francisco County and voted in San Francisco County in the June 6, 2006 election. She intends to vote in San Francisco County in future elections. Because of her manual impairment, plaintiff

Kirola is unable to vote using an AutoMARK voting system without revealing her vote to a third party and is only able to vote privately, unassisted and independently with the use of a DRE voting system. Plaintiff Kirola wishes to vote privately, unassisted and independently but is unable to do so because there are no accessible voting machines in the County of San Francisco that would enable her to do so.

21. Plaintiff Russ Bohlke is a PVA member who is manually impaired. As a result, plaintiff Bohlke cannot manipulate a writing instrument with his hands. He is a resident of Marin County. He is registered to vote in Marin County and voted in Marin County in the June 6, 2006 election. He intends to vote in Marin County in future elections. Because of his manual impairment, plaintiff Bohlke is unable to vote using an AutoMARK voting system without revealing his vote to a third party and is only able to vote privately, unassisted and independently with the use of a DRE voting system. Plaintiff Bohlke wishes to vote privately, unassisted and independently but is unable to do so because there are no accessible voting machines in Marin County that would enable him to do so.

22. Plaintiff Manny Fernandez is a PVA member who is manually impaired. As a result, plaintiff Fernandez cannot manipulate a writing instrument with his hands. He is a resident of Sonoma County. He is registered to vote in Sonoma County and voted in Sonoma County in the June 6, 2006 election. He intends to vote in Sonoma County in future elections. Because of his manual impairment, plaintiff Fernandez is unable to vote using an AutoMARK voting system without revealing his vote to a third party and is only able to vote privately, unassisted and independently with the use of a DRE voting system. Plaintiff Fernandez wishes to vote privately, unassisted and independently but is unable to do so because there are no accessible voting machines in Sonoma County that would enable him to do so.

23. Plaintiff Stephen Fort is a CCB member who is legally blind. He is a resident of Alameda County. He is registered to vote in Alameda County and voted in Alameda County in the June 6, 2006 election. He intends to vote in Alameda County in

future elections. Because of his visual impairment, plaintiff Fort is unable to vote using a DRE voting system with an attached VVPAT without revealing his vote to a third party because he does not have access to or the ability to review the information provided by the VVPAT device. Plaintiff Fort wishes to vote privately, unassisted and independently but is unable to do so because there are no accessible voting machines in Alameda County that would enable him to do so.

24. Plaintiff Dan Kysor is a CCB member who is legally blind. He is a resident of Yolo County. He is registered to vote in Yolo County and voted in Yolo County in the June 6, 2006 election. He intends to vote in Yolo County in future elections. Because of his visual impairment, plaintiff Kysor is unable to vote without third party assistance using an optical scan voting machine. Plaintiff Fort wishes to vote privately, unassisted and independently but is unable to do so because there are no accessible voting machines in the Yolo County that would enable him to do so.

25. Defendant Bruce McPherson is the Secretary of State of California. Defendant McPherson is sued in his official capacity only, in connection with actions taken under color of state law. As Secretary of State, defendant McPherson is the chief election officer of the State of California and has responsibility for general supervision and administration of the election laws, including the certification of voting machines. Election Code §§19100, 19205. Voting systems must be suitable for their intended purposes and preserve the secrecy of the ballot. Election Code § 19205. County election officials must select and use only voting machines that are federally approved and certified by the Secretary of State in accordance with state law and procedure. Election Code § 19200.

26. Defendant John Arntz is the Director of Elections for San Francisco County. Defendant John Arntz is sued in his official capacity only.

27. Defendant Michael Smith is the County Clerk/Registrar of Voters of Marin County. Defendant Michael Smith is sued in his official capacity only.

28. Defendant Janice Atkinson is the Assistant Registrar of Voters for Sonoma County. Defendant Janice Atkinson is sued in her official capacity only.

29. Defendant Dave McDonald is the Acting Registrar of Voters for Alameda County. Defendant Dave McDonald is sued in his official capacity only.

30. Defendant Freddie Oakley is the County Clerk-Recorder for Yolo County. Defendant Freddie Oakley is sued in her official capacity only.

## FIRST CLAIM FOR RELIEF

**(Violation of Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983)**

**[Against All Defendants]**

31. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 30.

32. Defendant Secretary of State, acting under color of state law, has approved and administers an unequal, discriminatory system of voting, which has denied and threatens to continue to deny, an equal opportunity to vote to visually and manually disabled voters in San Francisco, Marin, Sonoma, Alameda, Yolo, and other counties.

33. Defendant Secretary of State and defendant county election officials Arntz, Smith, Atkinson, McDonald and Oakley, acting under color of state law, have deprived and threaten to deprive plaintiffs, including the individual plaintiffs and members of the organizational plaintiffs, of their fundamental right to vote in the same manner as all other voters.

34. Defendants' acts and omissions violate, and threaten to violate, plaintiffs' rights to equal protection of the law under the Fourteenth Amendment to the United States Constitution.

35. An actual controversy has arisen and now exists between plaintiffs and defendants in that plaintiffs contend that defendants have infringed their fundamental

right to vote under the equal protection provisions of the Fourteenth Amendment, which contention defendants dispute.

36. Plaintiffs have suffered and will continue to suffer irreparable harm as the result of the unequal, and discriminatory voting systems authorized and compelled by Defendant Secretary of State, and administered by Defendant Secretary of State and San Francisco, Marin, Sonoma, Alameda and Yolo counties. Plaintiffs have no adequate remedy at law for defendants' deprivation of their constitutional voting rights in future elections.

## SECOND CLAIM FOR RELIEF

**(Violation of the Help America Vote Act of 2002, 42 U.S.C. §15302 pursuant to 42 U.S.C. §1983)**

**[On Behalf of All Plaintiffs Against Defendant Bruce McPherson]**

37. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 36.

38. HAVA provides that disabled voters are entitled to privacy and independence in voting, and that any voting system in use after January 1, 2006, must "use at least one direct recording electronic voting system or other voting system equipped for individuals with disabilities at each polling place." 42 U.S.C. §§ 15481(a)(3)(B) and 15481(d). HAVA also requires that voting systems "permit the voter to verify (in a private and independent manner) the votes selected by the voter on the ballot before the ballot is cast and counted." *Id.* at § 15481(a)(1)(A)(i). HAVA does not require or authorize VVPAT devices.

39. The California Secretary of State has failed to certify any voting system separately or in combination that will provide accessibility, privacy and independence for all voters with manual and visual disabilities, in violation of HAVA and Section 1983. The California Secretary of State has certified voting systems that are not accessible to all voters with manual and visual disabilities in the same manner as for all

other voters, without requiring combinations of voting systems that would be. In fact, the Secretary of State permitted counties statewide to conduct the June, 2006 elections in a manner that was not accessible to all voters in the same manner, even though voting systems or combinations of voting systems exist that would be.

40. An actual controversy has arisen and now exists between plaintiffs and defendant Secretary of State in that plaintiffs contend that California and defendant Secretary of State are in violation of federal law which defendant Secretary of State disputes.

41. Plaintiffs seek a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, that California and defendant Secretary of State are in violation of HAVA and Section 1983.

42. Unless enjoined, California and defendant Secretary of State will continue to violate HAVA and Section 1983, and cause plaintiffs irreparable injury by denying them their right to vote "in a private and independent manner" as protected by HAVA.

43. Plaintiffs seek an order requiring defendant Secretary of State to present to the Court within 60 days a plan and timetable to bring California into compliance with HAVA as to voters with manual and visual disabilities.

## THIRD CLAIM FOR RELIEF

**(Violation of the Help America Vote Act of 2002, 42 U.S.C. §15302 pursuant to 42 U.S.C. §1983)**

**[On Behalf of Plaintiffs Longmore, Kirola, Bohlke, Fernandez, AAPD and PVA Against Defendants Arntz, Smith and Atkinson]**

44. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 36.

45. HAVA provides that disabled voters are entitled to privacy and independence in voting, and that any voting system in use after January 1, 2006, must "use at least one direct recording electronic voting system or other voting system

equipped for individuals with disabilities at each polling place." 42 U.S.C. §§ 15481(a)(3)(B) and 15481(d).

46. The California Secretary of State certified the ES&S AutoMARK for use in California on August 3, 2005. Despite certification, the AutoMARK is not accessible to voters with a variety of physical disabilities in the same manner as for all other voters, including voters with limited manual dexterity.

47. The AutoMARK does not allow voters with physical disabilities the opportunity to cast or have their vote counted in a private and independent manner. Voters with manual dexterity issues, such as voters who cannot grasp paper, will be forced to rely upon the assistance of a third-party to remove a marked ballot from the AutoMARK and place the marked ballot into the ballot box where it will be cast and subsequently counted. If a voter were not to receive assistance from a third-party, it would be impossible for the ballot to be cast and counted. This situation is in clear violation of both the text and the spirit of the accessibility requirements mandated by HAVA. The necessary assistance of third-parties destroys privacy and independence.

48. Defendants San Francisco County, Marin County and Sonoma County used the AutoMARK voting system at each of its polling places during the June 6, 2006 election. Defendants San Francisco County, Marin County and Sonoma County did not have an accessible DRE voting system or other voting system at every polling location, which would have provided privacy and independence to those manually disabled voters who were unable to use AutoMARK without third-party assistance.

49. Plaintiffs Longmore, Kirola, Bohlke and Fernandez and the members of plaintiffs PVA and AAPD with manual disabilities who live in San Francisco, Marin and Sonoma counties suffered and will continue to suffer the following burdens not suffered by other voters in this county:

(a) they risk having their votes revealed by the assisting third party, or overheard and observed by other people;

(b) they risk having the third party attempt to influence their candidate choice;

(c) they risk having their requested votes improperly cast;

(d) they will have to vote in a manner that will single them out in the polling place;

(e) they will have to wait long periods of time until a third party is available to assist the voter; and

(f) they have to suffer embarrassment and stress during the voting process for each of the foregoing reasons.

As a result, manually disabled voters in San Francisco, Marin and Sonoma counties will be discouraged from voting, and will not be able to vote independently, unassisted or in private, and will be required to vote in a manner materially different from, and substantially more burdensome, than other voters in the county and statewide.

50. By failing to provide accessible DRE or other accessible voting machines that enable persons with manual disabilities to vote independently, unassisted and in secret like all other citizens, these defendants have violated and unless enjoined will continue to violate HAVA.

51. Absent this Court's intervention, plaintiffs have suffered and will continue to suffer irreparable injury through San Francisco, Marin and Sonoma counties' interference with their right to vote "in a private and independent manner" as protected under HAVA.

52. An actual controversy has arisen and now exists between plaintiffs Longmore, Kirola, Bohlke and Fernandez and members of PVA and AAPD and defendants in that plaintiffs contend that the use of the AutoMARK at each of the polling places in San Francisco County, Marin County and Sonoma County without at least one DRE machine or other accessible voting system for each polling place violates HAVA and interferes with plaintiffs' federal rights secured to voters with manual disabilities under HAVA to vote in private and independently.

53. Plaintiffs Longmore, Kirola, Bohlke, Fernandez, PVA and AAPD seek a declaratory judgment, pursuant to 28 U.S.C. Sections 2201 and 2202, that San Francisco County, Marin County and Sonoma County's use of the AutoMARK voting system without also purchasing DRE or other accessible voting systems for each polling place for manually disabled voters violates HAVA pursuant to Section 1983.

## FOURTH CLAIM FOR RELIEF

**(Violation of the Help America Vote Act of 2002, 42 U.S.C. §15302 pursuant to 42 U.S.C. §1983)**

**[On Behalf of Plaintiffs Fort and CCB Against Defendant McDonald]**

54. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 36.

55. HAVA requires that voting systems "permit the voter to verify (in a private and independent manner) the votes selected by the voter on the ballot before the ballot is cast and counted." 42 U.S.C. § 15481(a)(1)(A)(i).

56. DRE systems, when properly equipped, are accessible and enable voters who are disabled to vote independently, unassisted and in secret. DRE systems contain an audio component that enables visually impaired voters to listen to candidate names through headphones and to vote using distinctively shaped keys. DRE systems may also utilize mouth or head sticks, a "sip and puff" device, or other accessible switch technology that enable manually impaired voters to select candidates of their choice.

57. California law requires DRE voting systems to include a VVPAT. The VVPAT is a paper summary of a voter's electronic voting selections as recorded by the DRE system. The voter then must review the information before completing the voting procedure, allowing that voter to confirm that the electronic "ballot" accurately reflects the voter's choices before the system officially casts the vote.

58. The California Legislature recently enacted SB370 (the "Bowen bill"), which provides that (a) the VVPAT paper trail is to be the official ballot for purposes of

the 1% manual recount mandated by California election law; and (b) the paper trail is to be the official ballot if there is any difference between the paper trail and the electronic record during the 1% manual tally or full recount. The effect of the Bowen bill is that in every election, the paper trail will become the official ballot for the 1% manual tally or full recount, violating HAVA's voter verification requirement.

59. The addition of the VVPAT device renders the DRE voting system—which otherwise would permit voters who are disabled to vote independently, unassisted and in private like all other voters—inaccessible to voters with visual disabilities for recounts, in violation of HAVA pursuant to Section 1983.

60. Sighted voters can review their vote on the paper produced by the VVPAT to ensure that it comports with their desired selection. Non-sighted voters, however, do not have access to or the ability to review the information provided by the VVPAT device.

61. Alameda County used a Diebold DRE voting system with an attached VVPAT for the June 6, 2006 at early voting locations for disabled voters and intends to use the Diebold DRE with an attached VVPAT in all future elections. Alameda County's use of the DRE voting system with the inaccessible VVPAT device violates the requirements of HAVA as to visually impaired voters.

62. Plaintiff Fort and the visually impaired members of plaintiff CCB who live in defendant Alameda County, have suffered and will continue to suffer the following burdens not suffered by other voters in this county:

(a) they risk having their votes revealed by the assisting third party, or overheard and observed by other people;

(b) they risk having the third party attempt to influence their candidate choice;

(c) they risk having their requested votes improperly cast;

(d) they will not be able to verify their vote on the paper trail unassisted; and

(e) they have to suffer embarrassment and stress during the voting process for each of the foregoing reasons.

As a result, visually disabled voters in Alameda County will not be able to cast and verify their vote independently, unassisted or in secret, and will be required to vote in a manner materially different from, and substantially more burdensome, than other voters in Alameda County and statewide.

63. Absent this Court's intervention, plaintiffs have suffered and will continue to suffer irreparable injury through Alameda County's interference with their right to "verify (in a private and independent manner) the votes selected by the voter on the ballot before the ballot is cast and counted" as protected under HAVA.

64. Plaintiffs request that Alameda County be permanently enjoined from interfering with their federal rights and from causing irreparable injury to plaintiffs by using the DRE voting system with the inaccessible VVPAT device for voters with visual disabilities and be required to offer an accessible voting system or combination of systems in place of the DRE with VVPAT.

65. An actual controversy has arisen and now exists between plaintiffs Fort and the visually impaired members of plaintiff CCB who live in Alameda County and defendant Alameda County in that plaintiffs contend that Alameda County's use of DRE voting systems with attached VVPAT devices violates HAVA and interferes with plaintiffs' federal rights secured under HAVA to vote in private and independently.

66. Plaintiffs Fort and the visually impaired members of plaintiff CCB who live in defendant Alameda County seek a declaratory judgment, pursuant to 28 U.S.C. Sections 2201 and 2202, that Alameda County's use of DRE voting systems with attached VVPAT devices violates HAVA pursuant to Section 1983.

## FIFTH CL AIM FOR RELIEF

**(Violation of the Help America Vote Act of 2002, 42 U.S.C. §15302, pursuant to 42 U.S.C. §1983)**

**[On Behalf of Plaintiffs Kysor and CCB Against Defendant Oakley]**

67. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 36.

68. HAVA provides that disabled voters are entitled to privacy and independence in voting, and that any voting system in use after January 1, 2006, must "use at least one direct recording electronic voting system or other voting system equipped for individuals with disabilities at each polling place." 42 U.S.C. §§ 15481(a)(3)(B) and 15481(d).

69. Defendant Yolo County used an optical scan voting machine at all of its polling places during the June 6, 2006 election and plans to use the same optical scan machine in future elections.

70. The optical scan ballot does not allow voters with manual or visual disabilities the opportunity to cast or have their vote counted in a private and independent manner. Voters with manual dexterity issues, such as voters who cannot grasp paper, will be forced to rely upon the assistance of a third-party to mark the optical scan ballot and place the marked ballot into the ballot box where it will be cast and subsequently counted. If a voter were not to receive assistance from a third-party, it would be impossible for the ballot to be cast and counted. This situation is in clear violation of both the text and the spirit of the accessibility requirements mandated by HAVA. The necessary assistance of third-parties destroys privacy and independence.

71. The optical scan ballot does not allow voters with visual disabilities the opportunity to cast or have their vote counted in a private and independent manner. Voters with visual disabilities will be forced to rely upon the assistance of a third-party to mark the optical scan ballot and place the marked ballot into the ballot box where it

will be cast and subsequently counted. If a voter were not to receive assistance from a third-party, it would be impossible for the ballot to be cast and counted. This situation is in clear violation of both the text and the spirit of the accessibility requirements mandated by HAVA. The necessary assistance of third-parties destroys privacy and independence.

72. Plaintiff Kysor and visually or manually disabled members of CCB who reside in Yolo County will suffer the following burdens not suffered by other voters in this county:

(a) they risk having their votes revealed by the assisting third party, or overheard and observed by other people;

(b) they risk having the third party attempt to influence their candidate choice;

(c) they risk having their requested votes improperly cast;

(d) they will have to vote in a manner that will single them out in the polling place;

(e) they will have to wait long periods of time until a third party is available to assist the voter; and

(f) they have to suffer embarrassment and stress during the voting process for each of the foregoing reasons.

As a result, disabled voters in Yolo County will be discouraged from voting, and will not be able to vote independently, unassisted or in private, and will be required to vote in a manner materially different from, and substantially more burdensome, than other voters in the county and statewide.

73. By failing to provide accessible voting machines that enable persons with visual or manual disabilities to vote independently, unassisted and in secret like all other citizens, these defendants have violated and unless enjoined will continue to violate HAVA.

74. Absent this Court's intervention, plaintiff Kysor and visually or manually disabled members of CCB who reside in Yolo County have suffered and will continue to suffer irreparable injury through Yolo County's interference with their right to vote "in a private and independent manner" as protected under HAVA.

75. An actual controversy has arisen and now exists between plaintiffs Kysor and members of CCB who reside in Yolo County and defendant Yolo County in that plaintiffs contend that the use of the optical scan ballot at each of the polling places in Yolo County without at least one DRE machine or other accessible voting system for each polling place violates HAVA and interferes with disabled voters' federal rights secured under HAVA to vote in private and independently.

76. Plaintiffs Kysor and visually or manually disabled members of CCB who reside in Yolo County seek a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, that Yolo County's use of the optical scan ballot without use of a DRE or other accessible voting systems for each polling place violates HAVA pursuant to Section 1983.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court enter judgment in their favor as follows:

1. Declaring California, the defendant Secretary of State, San Francisco County, Marin County, Sonoma County, Alameda County and Yolo County in violation of HAVA and the Fourteenth Amendment pursuant to Section 1983.

2. Ordering the Secretary of State to present to the Court within 60 days a plan and a timetable for bringing California into compliance with HAVA.

3. Declaring that San Francisco County's use of the AutoMARK voting system without a DRE or other voting system for each polling place that will provide accessibility, privacy and independence for manually disabled voters violates the

Fourteenth Amendment and HAVA pursuant to Section 1983, as to manually impaired voters.

4. Declaring that Marin County's use of the AutoMARK voting system without a DRE or other voting system for each polling place that will provide accessibility, privacy and independence for manually disabled voters violates the Fourteenth Amendment and HAVA pursuant to Section 1983, as to manually impaired voters.

5. Declaring that Sonoma County's use of the AutoMARK voting system without a DRE or other voting system for each polling place that will provide accessibility, privacy and independence for manually disabled voters violates the Fourteenth Amendment and HAVA pursuant to Section 1983, as to manually impaired voters.

6. Declaring that Alameda County's use of DRE voting systems with attached VVPAT devices that constitute the official ballot in recounts violates the Fourteenth Amendment and HAVA pursuant to Section 1983, as to visually impaired voters.

7. Declaring that California's statutory requirement that all DRE voting systems include a VVPAT device that constitutes the ballot for the 1% manual tally or for a full recount violates the Fourteenth Amendment and HAVA pursuant to Section 1983, as to visually impaired voters.

8. Declaring that defendant Yolo County's use of the optical scan ballot violates the Fourteenth Amendment and HAVA pursuant to Section 1983, as to manually and visually impaired voters.

9. Mandating defendant San Francisco County to provide a DRE or other voting system in each of its polling places that will provide accessibility, privacy, and independence for manually disabled voters.

10. Mandating defendant Marin County to provide a DRE or other voting system in each of its polling places that will provide accessibility, privacy, and independence for manually disabled voters.

11. Mandating defendant Sonoma County to provide a DRE or other voting system in each of its polling places that will provide accessibility, privacy, and independence for manually disabled voters.

12. Prohibiting defendant Alameda County from using the DRE voting system with the inaccessible VVPAT device for recounts, which does not provide disabled voters the ability to vote privately and independently.

13. Mandating defendant Yolo County to provide voting systems in each of its polling places that will provide accessibility, privacy, and independence for all disabled voters as required by federal law.

14. Awarding plaintiffs their expenses, costs, fees and other disbursements associated with the filing and maintenance of this action, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

15. Awarding such other equitable and further relief as the Court deems just and proper.

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: July 31, 2006

Respectfully submitted,

John E. McDermott

John E. McDermott
Sandra Smith Thayer
HOWREY LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071

Attorneys for Plaintiffs